BLUE, Judge.
The case before this court arises from a chapter 61, Florida Statutes (1995), proceeding. Susan Gauthier, the former wife, *1120 appeals the trial court’s order denying her motion for attorney’s fees, costs, and expert witness fees. Because the trial court relied on facts not in evidence when considering the factors set forth in Rosen v. Rosen, 696 So.2d 697 (Fla.1997), we reverse.
The former wife incurred the fees defending a motion to modify the final judgment of dissolution of marriage filed by the former husband, Marc A. Gauthier. The former husband’s motion to modify primarily sought to reduce the amount of permanent alimony, although less significant modifications were also requested. A provision of the marital settlement agreement, approved by the final judgment of dissolution of marriage, provided that the former husband could not seek a modification of alimony unless the former wife’s income exceeded a threshold amount. The former husband conceded from the outset that the former wife’s income did not exceed the threshold. Thus, as to the request to modify permanent alimony, the former husband’s motion lacked a legal basis. Nevertheless, the former wife was compelled to defend against the motion for modification.
Following the denial of the former husband’s motion to modify, the trial court denied the former wife’s motion for fees and costs. The trial court based its decision on a determination that the former wife did not have to defend against the former husband’s motion because the former husband had offered a settlement that was the same as the ultimate result. First, while several minor items, like health club memberships, were modified, the primary item of alimony was not. Second, the record simply fails to support the trial court’s factual determination that an offer of settlement was made.
Section 61.16, Florida Statutes (1995), provides in pertinent part:
(1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.
“The purpose of this section is to ensure that both parties will have a similar ability to obtain competent legal counsel.” Rosen, 696 So.2d at 699 (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)).
In Rosen, the supreme court pointed out “that proceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law.” 696 So.2d at 700 (citing § 61.011, Fla. Stat. (1995)).
Under [chapter 61], the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.
696 So.2d at 700.
Here, the former wife was forced to defend against a frivolous motion to significantly reduce her monthly alimony. Applying Rosen, the denial of attorney’s fees to the former wife was not fair. While the financial resources of the parties are the primary factor to be considered, the court relied on the “fact” that the former wife had rejected a settlement offer, a fact that was not supported by the record. Consideration of other Rosen factors, including the contempt actions filed by the former wife, the merits of the respective positions, whether the litigation was brought primarily to harass, and the course of the litigation,[1] supports the granting of fees to the former wife.
*1121 Accordingly, we reverse the denial of the former wife’s motion for attorney’s fees and costs and remand with directions to the trial court to grant the motion and determine the appropriate award.
Reversed and remanded for further proceedings.
PATTERSON, C.J., and THREADGILL, J., Concur.

. For example, even though the former wife’s income was below the threshold level for the *1121 filing of a motion for modification, the former husband retained a vocational expert to evaluate the former wife's ability to obtain higher paying employment. The former wife responded by retaining her own vocational expert to defend her present employment.